**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JENNIFER RICHEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **Case No. CIV-25-1534-G** |
| | ) |
| WALMART STORES EAST, LP et al., | ) |
| | ) |
|     Defendants. | ) |

<u>**ORDER**</u>

Plaintiff Jennifer Richey, appearing pro se, initiated this civil action on December 19, 2025, identifying three defendants: Walmart Stores East, LP, Micheal W. Brewer, and Andre Farinha. *See* Compl. (Doc. No. 1) at 1-2. Upon review, the Court dismisses the Complaint without prejudice.

    *I.    Relevant Standards*

"Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded." *Gilmore-Bey ex rel. L'Evation Birthing Circles Ministries v. Coleman*, No. CIV-23-1152-D, 2023 WL 8850761, at *1 (W.D. Okla. Dec. 21, 2023); *see also* Fed. R. Civ. P. 8(a)(1). Although Plaintiff is proceeding pro se, as "[t]he party seeking the exercise of jurisdiction in [her] favor" she "must allege in [her] pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (internal quotation marks omitted); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court is obligated to consider its own subject-matter jurisdiction and may examine the issue sua sponte. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); *Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 & n.3 (10th Cir. 2014). A court must dismiss the case "at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship—1985A*, 929 F.2d at 1521 (emphasis and internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3).

## II.    Discussion

Plaintiff alleges: "On [February] 23, 2024 I filed [a] case in the District Court of Oklahoma County. On the record of Appeal Accelerated show proven facts that my constitutional rights were violated." *Id*. at 4. Attached to the Complaint are: an opinion issued by the Oklahoma Court of Civil Appeals in a lawsuit filed by Plaintiff against Wal-Mart Stores East, L.P.; an index to the "Record of Appeal Accelerated"; and an excerpt from a treatise regarding federal civil rights claims. *See* Doc. Nos. 1-1, 1-2, 1-3.

The Complaint cites 18 U.S.C. § 242 and 42 U.S.C. § 1983 as the basis for this Court's federal-question jurisdiction under 28 U.S.C. § 1331. *See* Compl. at 3. There is no private right of action under 18 U.S.C. § 242, which is a criminal statute. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002); *Lollis v. Fransein*, No. 15-CV-352, 2015 WL 4031684, at *2 (N.D. Okla. July 1, 2015). Accordingly, § 242 provides no basis for the Court's exercise of subject-matter jurisdiction in this matter.

Section 1983 "provides a remedy against state actors who violate a federal right, pursuant to state authority." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016); *accord Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442,

2

1447 (10th Cir. 1995) ("[T]he only proper defendants in a [§] 1983 claim are those who represent the state in some capacity." (alteration and internal quotation marks omitted)). Plaintiff therefore must show that Defendants were acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks omitted). The showing that the defendant was acting under color of law is "a jurisdictional requisite for a § 1983 action." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981).

Plaintiff brings this action against Defendants Walmart Stores East, LP ("Walmart"), Micheal W. Brewer, and Andre Farinha. The Complaint reflects that Defendants Brewer and Farinha served as counsel for Defendant Walmart in the state-court case referenced by the pleading. *See* Compl. at 2; Doc. No. 1-1. Even liberally construed, Plaintiff's factual allegations do not plausibly reflect that either Defendant Walmart or the individual Defendants acted under color of state law pursuant to any of the tests recognized by the Tenth Circuit. *See* Compl. at 2-4; *Gallagher*, 49 F.3d at 1447. Nor does the Complaint plausibly show that Defendants "represent [the State] in some capacity," such that Defendants' conduct was "fairly attributable to the State." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal quotation marks omitted); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)).

Plaintiff's § 1983 claim must therefore be dismissed.

CONCLUSION

Accordingly, Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of May, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

4